IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM CAMP,**

      **Petitioner,**

    v.                                    **CASE NO. 2:09-cv-399**
                                            **JUDGE SMITH**
                                            **MAGISTRATE JUDGE KING**

**ED SHELDON, Warden,**

      **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

According to the petition, this case involves petitioner's July 12, 2005, convictions, on his guilty pleas in the Delaware County Court of Common Pleas, on corrupting another with drugs, and unlawful sexual conduct with a minor. On November 9, 2005, the trial court sentenced petitioner to an aggregate term of twelve years and four months incarceration and classified petitioner as a sexual predator. Represented by the same counsel, petitioner filed a timely appeal in which he asserted as follows:

    1. Was the trial court's classification of Mr. Camp as a sexual

predator pursuant to R.C. 2950 et seq., against the manifest weight of the evidence presented by the State of Ohio at the sexual offender classification hearing?

2. Did the trial court fail to consider all of the relevant factors listed in R.C. 2950.09(B)(3) in classifying Mr. Camp as a sexual predator?

On September 22, 2006, the Ohio Fifth District Court of Appeals affirmed the trial court's judgment. Petitioner did not appeal that judgment to the Ohio Supreme Court.

On January 31, 2007, the appellate court granted petitioner's request to reopen the appeal to raise the following claim:

> The trial court's imposition of consecutive sentences is unconstitutional pursuant to *State v. Foster*, (2006) 109 Ohio St.3d 1.

On December 4, 2007, the appellate court affirmed the trial court's judgment. *State v. Camp*, 2007 WL 4276861 (Ohio App. 5th Dist. December 4, 2007). On May 7, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Camp*, 117 Ohio St.3d 1498 (2008).

On May 20, 2009, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> The trial court's imposition of consecutive sentences is unconstitutional pursuant to *State v. Foster* (2006) 109 Ohio St.3d 1.

The state appellate court refused to address the merits of petitioner's claim based upon his failure to raise the claim at sentencing:

2

Appellant cites the February 27, 2006 Ohio Supreme Court holding in *State v. Foster* (2006), 109 Ohio St.3d 1, 2006-Ohio-856, finding certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution. *Foster* followed *Blakely v. Washington* (2004), 542 U.S. 296 and *Apprendi v. New Jersey* (2000), 530 U.S. 466, holding the statutes requiring "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" violated a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution. The Court in *Foster* determined severance of the offending portions of the sentencing statute was the proper remedy, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with the court's opinion". *Id*.

Initially, we note, Appellant's direct appeal of his sentence was pending with this Court at the time the Ohio Supreme Court announced its decision in *Foster, supra*. However, Appellant filed his direct appeal well after the United States Supreme Court decision in *Blakely v. Washington* (2004), 542 U.S. 296

Recently, in *State v. Payne* (2007), 114 Ohio St.3d 502, 2007-Ohio-4642, the Ohio Supreme Court addressed the issue of whether, when sentencing occurred after the United States Supreme Court's announcement of its decision in *Blakely, supra*, a defendant's failure to object at trial to a sentence that violates *Blakely* forfeits the issue on appeal. In *Payne,* the Court held:

> "For the foregoing reasons, we hold that a lack of an objection in the trial court forfeits the *Blakely* issue for purposes of appeal when the sentencing occurred after the announcement of *Blakely*."

Upon review of the record, Appellant did not raise a *Blakely* objection at sentencing; therefore, he forfeited the issue for appellate purposes pursuant to *Payne,* supra.

Appellant's assignment of error is overruled.

*State v. Camp, supra,* 2007 WL 4276861.

It may also follow that petitioner has, for the same reason, waived this Court's consideration of his constitutional claim. *See Murray v. Carrier,* 477 U.S. 478 (1986); *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986). However, petitioner's claim that the trial court unconstitutionally imposed consecutive terms of incarceration is plainly without merit. In *Oregon v. Ice*, – U.S. –, 129 S.Ct. 711, 714-15 (2009), the United States Supreme Court held that a trial court's factual findings used to justify imposition of consecutive sentences does not violate the Sixth Amendment.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

*Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


June 2, 2009                                                                             s/Norah McCann King
                                                                                   Norah McCann King
                                                                                  United States Magistrate Judge